# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1720 | **DATE** | 6/12/2012 |
| **CASE TITLE** | Geary vs. Maryville Academy | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant's motion to dismiss and motion to strike (R. 11.)   Status hearing remains set for 7/16/12 at 8:30 a.m.

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On March 8, 2012, Plaintiff Monica Geary filed the present two-count Complaint against her former employer Defendant Maryville Academy ("Maryville") for violating the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*  Before the Court is Maryville's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion to strike pursuant to Rule 12(f).  For the following reasons, the Court denies Maryville's motion to dismiss and motion to strike.

Continued...

Courtroom Deputy Initials: KF

## BACKGROUND

Geary started working at Maryville Academy as a Youth Care Worker in March 1999. (R. 1, Compl. ¶ 8.) At all times relevant to this lawsuit, Geary suffered from Raynaud's disease and scleroderma.[1] (*Id*. ¶ 9.) On or about January 18, 2010, Geary submitted a medical certification of a serious health condition and request for accommodation in the form of periodic leave pursuant to the FMLA due to chronic and periodic exacerbation of her physical disabilities. (*Id*. ¶ 11.) Geary alleges that Maryville acknowledged her physical disabilities and agreed to grant her authorized leave on those occasions when her physical disabilities resulted in periodic "flare-ups" preventing her from performing her job duties. (*Id*. ¶ 12.) Nevertheless, Geary alleges that Maryville failed to grant Geary authorized leave during flare-ups and, instead, issued Geary notices of absence without leave ("AWOL") and disciplinary sanctions. (*Id*. ¶ 13.)

Further, Geary alleges that she was scheduled to work the 3:00 p.m. to 11:00 p.m. shift on October 3, 2010, but that prior to her shift she contacted her supervisor explaining that she would be late to work due to a flare-up. (*Id*. ¶¶ 14, 15.) Geary alleges that she arrived approximately nine minutes late to work on October 3, 2010, and that she worked the remainder of her shift that day. (*Id*. ¶ 16.) On October, 6, 2010, Maryville terminated Geary's employment. (*Id*. ¶ 17.) Geary also alleges that Maryville contested her application for unemployment compensation benefits based on misconduct, namely, her tardiness on October 3, 2010, yet the Illinois Department of Employment Security ("IDES") determined that Geary's tardiness was due to her medical disability. (*Id*. ¶ 18.)

## LEGAL STANDARDS

### I.   Motion to Strike – Rule 12(f)

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed.R.Civ.P. 12(f)). Motions to strike pursuant to Rule 12(f) are generally disfavored. *See Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1405-06 (7th Cir. 1991); *Riemer v. Chase Bank, N.A.,* 275 F.R.D. 492, 494 (N.D. Ill. 2011) ("Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'") (citation omitted). Motions to strike are appropriate, however, if they serve to expedite litigation. *See Heller Fin., Inc. v. Midwhey Powder,* 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if matter bears no possible relation to controversy). District courts have considerable discretion to strike allegations under Rule 12(f). *See Delta,* 554 F.3d at 1141-42. "The party moving to strike has the burden of showing that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *E & J Gallo Winery v. Morand Bros. Beverage Co.,* 247 F.Supp.2d 979, 982 (N.D. Ill. 2003) (citation and internal quotation omitted).

---

[1] "Scleroderma has been defined as an achronic mesenchymal disease of undetermined origin, characterized by connective tissue proliferation in the dermis and in many internal organs." *Lieberman v. Califano,* 592 F.2d 986, 992 n.8 (7th Cir. 1979). "Raynaud's disease is a vascular disorder that affects the hands and feet primarily, and causes discoloration of the skin, which is sometimes accompanied by a pricking or tingling sensation and, less commonly, pain." *Casey v. Kwik Trip, Inc.,* 114 Fed.Appx. 215, 216, 2004 WL 2496707, at *1 n.1 (7th Cir. 2004).

II.     **Motion to Dismiss – Rule 12(b)(6)**

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011).

**ANALYSIS**

I.     **Motion to Strike**

Maryville takes issue with Geary's allegations that the IDES determined that her tardiness on October 3, 2010 was due to her medical disability. In particular, Maryville argues that "[n]otwithstanding that Geary was not deemed by the IDES to be guilty of 'misconduct' as that term is narrowly defined under the UIA [Illinois Unemployment Insurance Act] does not mean that Maryville did not have sufficient reason to discharge her from its employment for reasons unrelated to the ADA and/or the FMLA." (R. 11, Def.'s Mot., at 3.) Maryville further explains, "Geary's UIA claim and those she is prosecuting against Maryville in this lawsuit are different." (*Id.*)

Indeed, the standards under the ADA and FMLA are different from the adjudication of unemployment insurance claims under the UIA, but this difference does not fulfill Maryville's burden of establishing that Geary's IDES allegation is so unrelated to her claims, prejudicial, or unworthy of consideration that the Court must strike it from the Complaint. *See E & J Gallo Winery,* 247 F.Supp.2d at 982. Instead, Geary's allegation concerning the unemployment insurance dispute adds factual background to her FMLA and ADA claims. Through this allegation, she is placing her federal claims in context of the events surrounding her termination. As such, the Court denies Maryville's Rule 12(f) motion to strike.[2]

---

[2] The parties' arguments regarding the preclusive effect of the IDES' factual findings are misplaced in the context of Maryville's motions to strike and dismiss. *See Riemer v. Chase Bank, N.A.,* 275 F.R.D. 492, 494 (N.D. Ill. 2011) ("motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact"); *Victims of Hungarian Holocaust v. Hungarian State Railways,* 798 F.Supp.2d 934, 938 (N.D. Ill. 2011) ("the motion to dismiss stage is not the proper juncture to resolve disputed facts").

## II.     Motion to Dismiss

### A.     ADA Claim – Count I

Maryville moves to dismiss Geary's ADA claim under Rule 12(b)(6). The ADA prohibits employers from discriminating against qualified individuals on the basis of their disability. *See Lloyd v. Swifty Transp., Inc.,* 552 F.3d 594, 601 (7th Cir. 2009); 42 U.S.C. § 12112(a). To establish her failure to accommodate claim, Geary must eventually present evidence that: (1) she is a qualified individual with a disability as defined by the ADA; (2) Maryville was aware of her disability; and (3) Maryville failed to reasonably accommodate her disability. *See Kotwica v. Rose Packing Co., Inc.,* 637 F.3d 744, 748 (7th Cir. 2011).

In her Complaint, Geary alleges that while she was employed by Maryville, she suffered from Raynaud's disease and scleroderma. She also alleges that Maryville was aware of her disability, specifically that in January 2010, she submitted to Maryville a medical certification of serious health condition and request for accommodation. Further, Geary maintains that Maryville failed to reasonably accommodate the disabling effects of her Raynaud's disease and scleroderma by issuing her AWOLs, disciplinary sanctions, and terminating her employment following a flare-up. Based on these allegations, Geary has set forth sufficient facts raising a reasonable expectation that discovery will uncover evidence supporting her claims. *See Twombly,* 550 U.S. at 556. Therefore, she has alleged an ADA claim that is plausible on its face. *See id.* at 570. The Court denies Maryville's motion to dismiss Geary's ADA claim as alleged in Count I of the Complaint.

### B.     FMLA Claim – Count II

Next, Maryville asserts that Geary has failed to sufficiently allege her FMLA interference claim. The "FMLA entitles an employee to twelve weeks of leave every twelve-month period if she is afflicted with 'a serious health condition' which renders her unable to perform her job." *Smith v. Hope Sch.,* 560 F.3d 694, 699 (7th Cir. 2009) (quoting 29 U.S.C. § 2612(a)(1)(D)). The FMLA "further provides that employers may not 'interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the Act].'" *Righi v. SMC Corp.,* 632 F.3d 404, 408 (7th Cir. 2011) (citation omitted). To prevail on her FMLA interference claim, Geary must establish that: "(1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled." *Makowski v. SmithAmundsen LLC,* 662 F.3d 818, 825 (7th Cir. 2011) (citation omitted).

Here, Geary alleges that she gave notice to Maryville of her intent to take leave in January 2010, when she submitted a medical certification of serious health condition and request for accommodation. She further asserts that Maryville acknowledged these physical disabilities and agreed to grant her authorized leave. Geary also alleges that Maryville interfered and denied her FMLA benefits by disciplining her and eventually terminating her employment. Based on these allegations, Geary has alleged sufficient facts to raise her right to relief above a speculative level and has put Maryville on notice of her FMLA claim and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555. Accordingly, the Court denies Maryville's motion to dismiss Count II of the Complaint.